IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 6:25-cv-03210-MDH |
| | ) | |
| CHRISTOPHER WOLFE, | ) | |
| | ) | |
| Defendant. | ) | |

**REPORT AND RECOMMENDATION**

Pending before the Court is the Government's Petition to Determine the Present Mental Condition of an Imprisoned Person. (Doc. 1). This matter has been referred to the undersigned for preliminary review. For the reasons that follow, it is recommended that Christopher Wolfe be committed to the custody of the Attorney General pursuant to 18 U.S.C. § 4246.

On August 17, 2023, the United States District Court for the Southern District of Mississippi determined that there was not a substantial probability that Mr. Wolfe would attain the capacity to permit criminal proceedings against him to go forward in the foreseeable future. (Doc. 1-1 at 2). The Honorable Henry T. Wingate ordered that Mr. Wolfe "be committed to the custody of the Attorney General, who shall hospitalize him for treatment in a suitable facility for a reasonable period of time, not to exceed four months, to determine whether there is a substantial probability that he will, in the foreseeable future, become competent to stand trial." (*Id.*). The Court entered orders extending the evaluation and treatment period on November 7, 2024, February 11, 2025, and June 17, 2025. (*Id.*).

On July 16, 2025, Mr. Wolfe was evaluated at the MCFP to determine if he met the criteria for civil commitment pursuant to 18 U.S.C. § 4246. (*See* Doc. 1). Attached to the petition is the

Risk Assessment Report prepared by a panel of mental health professionals ("Panel") at the MCFP dated July 31, 2025. (Doc. 1-2).

Based on Mr. Wolfe's symptoms, the Panel diagnosed him with unspecified schizophrenia spectrum and other psychotic disorder. (*Id.* at 16). Prominent symptoms observed by the panel included responding to internal stimuli and endorsing delusional beliefs about his food being poisoned and someone trying to make him join the Illuminati while at FMC Fort Worth. (*Id.* at 15). While at MCFP, Mr. Wolfe also presented with a significant degree of agitation which led to him being emergently medicated with psychiatric medication. (*Id.*) Mr. Wolfe continues to require involuntary medication to function appropriately while at MCFP, and he demonstrates poor insight into his mental health symptoms. (*Id.*).

The Panel also reviewed Mr. Wolfe's criminal history. (*Id.* at 4-5). He has been arrested previously for robbery, unlawful use of a weapon, distribution and possession with intent to distribute a controlled substance, domestic assault, and making a false statement while acquiring or attempting to acquire a firearm. (*Id.*). During the risk assessment, Mr. Wolfe denied having a criminal record. (*Id.* at 16). When the Panel pointed out that he was originally at MCFP for restoration for competency for a gun-related charge, Mr. Wolfe asserted he had no prior arrests, and prior criminal history was "fake and illegal probation." (*Id.*).

The Panel interviewed Mr. Wolfe on July 16, 2025. (*Id.* at 2). The Panel observed Mr. Wolfe was dressed appropriately, and no concerns were noted with his hygiene and grooming. (*Id.* at 16). Mr. Wolfe displayed an appropriate range of affect, and he was generally cooperative throughout the interview. He did not appear to be responding to internal stimuli. (*Id.*). The Panel asked Mr. Wolfe questions regarding his background, mental illness, and plans for release. Mr. Wolfe denied having a criminal record. (*Id.*). Mr. Wolfe denied ever exhibiting mental health

symptoms or altercations with his family while in the community. (*Id.*). He asserted previous hospitalizations for mental health were caused by the police harassing and targeting him in the community. (*Id.*). Mr. Wolfe further reported he had never had an issue with illicit substances, though he believed the police repeatedly targeted him thinking he was a drug dealer. (*Id.*). Mr. Wolfe takes an antipsychotic medication on an involuntary basis and, during the interview, insisted it was not helping him and that he would not continue taking it if released. (*Id.*).

The Panel concluded that Mr. Wolfe meets the criteria for civil commitment pursuant to 18 U.S.C. § 4246. (*Id.* at 19). The Panel found that Mr. Wolfe presently suffers from a mental disease or defect which, should he be released, would create a substantial risk of bodily injury to another person or serious damage to the property of another. (*Id.*).

On defense counsel's request, Dr. John Brandt, a licensed clinical psychologist, conducted an additional psychological examination on September 24, 2025. (Doc. 7). Dr. Brandt reviewed records, interviewed Mr. Wolfe, and performed a mental status examination. (*Id.* at 2–6). Dr. Brandt concurred with the schizophrenia diagnoses. (*Id.* at 4). Dr. Brandt opined that Mr. Wolfe does not have an extensive criminal history or history of actual physical violence. However, Dr. Brandt cited Mr. Wolfe's persecutory delusions as troublesome. (*Id.* At 10-11). Dr. Brandt concluded that Mr. Wolfe is suffering from a mental disease or defect and release would create a substantial risk of bodily injury to another person or serious damage to the property of another. (*Id.*).

An evidentiary hearing was held via video teleconference on September 30, 2025. (Doc. 9). Defendant's attorney Pual Duchscherer appeared, and the Government was represented by Syd Tippie. (Tr. at 2:7-11). The Government did not offer additional evidence. (*Id*. at 2:20-22). Mr. Wolfe testified that he does not believe he has a mental illness and he is forced to take medication.

(*Id.* at 3:10-18). If released, Mr. Wolfe said he would agree to take his prescribed medication. (*Id.* at 4:9-13). He does not believe he would pose a danger to himself or others, or to property of others. (*Id.* at 4:14-20).

The Panel at the MCFP and Dr. Brandt agree that Mr. Wolfe suffers from schizophrenia. Based on his strong assertions that he would not take medication if released and his persecutory delusions, the Court finds that there is clear and convincing evidence of a substantial risk to others or their property if Mr. Wolfe were released. For the foregoing reasons, IT IS RECOMMENDED that the District Judge, after making an independent review of the record and applicable law, enter an order committing Christopher Wolfe to the custody of the Attorney General in accordance with the provisions of 18 U.S.C. § 4246.

Counsel are reminded that each party has fourteen (14) days from the date of receipt of a copy of this Report and Recommendation within which to file and serve objections. A failure to file and serve objections by this date shall bar an attack on appeal of the factual findings in the Report and Recommendation which are accepted or adopted by the District Judge, except on the grounds of plain error or manifest injustice.

Dated this 6th day of October 2025, at Jefferson City, Missouri.

*Willie J. Epps, Jr.*

Willie J. Epps, Jr.
Chief United States Magistrate Judge